666 N.W.2d 185 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant and Cross-Appellee,
v.
Derrick CONWAY, Defendant-Appellee and Cross-Appellant.
Docket No. 123319, COA No. 237763.
Supreme Court of Michigan.
July 18, 2003.
On order of the Court, the application for leave to appeal and the application for leave to appeal as cross-appellant the February 11, 2003 judgment of the Court of Appeals are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
YOUNG, JR., J., dissents and states as follows:
I respectfully dissent from the order denying leave to appeal. I would grant leave to appeal because I believe that this Court's peremptory order in People v. Johnson, 432 Mich. 931, 442 N.W.2d 625 (1989), was erroneous and should be overruled.
The defendant in this case kissed the genitalia of a nine-year-old boy. However, pursuant to Johnson, he may only be charged with second degree criminal sexual conduct because he had the criminal intent to kiss a penis rather than a vagina. This Court's denial of the state's application for leave to appeal merely perpetuates the error of Johnson.
First degree criminal sexual conduct, M.C.L. § 750.520b, requires evidence of sexual penetration. "Sexual penetration" is defined by statute as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body...." M.C.L. § 750.520a(k).
The clear language of the statute unambiguously defines fellatio as one of the types of "sexual penetration" for the purposes of the first degree criminal sexual conduct statute. The term fellatio is defined as "oral stimulation of the penis." Random House Webster's College Dictionary (2001). The clear definition of the word "fellatio" encompasses any penile stimulation accomplished using the mouth. Kissing and licking, without evidence of penile penetration, plainly fits within the definition of fellatio.
Johnson erred in requiring that oral contact with a penis involve "intrusion." However, I do not believe that the phrase "or any other intrusion" indelibly alters the meaning of the term fellatio. Rather, I believe that the Legislature clearly defined fellatio as a type of intrusion that establishes sexual penetration. This is certainly consistent with this Court's approach to oral contact with female genitalia, where we have stated that penetration into the vagina is not necessary to establish CSC-I. See People v. Lemons, 454 Mich. 234, 254, 562 N.W.2d 447 (1997). (Cunnilingus "by definition, does not require penetration.") I cannot reconcile the differing interpretations this Court has given to "cunnilingus" and "fellatio" under this statute, as both can be accomplished without penetration.
Moreover, if one were to modify fellatio using the entire conjunctional phrase, not merely the first four words, the result would be an anatomically interesting definition. Thus, restated, the definition of fellatio would be modified to require "an intrusion ... of any [body] part ... or any *186 object into the genital or anal opening of another."
I strongly believe that Johnson is wrong and should be overruled. By denying the prosecutor's application for leave to appeal, the legal error continues to exist. I would grant leave to appeal.
CORRIGAN, C.J., and WEAVER, J., join in the dissenting statement of YOUNG, Jr., J.